UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

JULIEN GIRAUD JR., and
JULIEN GIRAUD III,

                Defendants.

CASE NO. 24-CR-768 (ESK)

---

**DEFENDANT JULIEN GIRAUD JR.'S MEMORANDUM OF LAW
CHALLENGING LEGALITY OF APPOINTMENT OF ACTING U.S. ATTORNEY
ALINA HABBA AND SEEKING DISMISSAL OR ALTERNATIVE RELIEF**

---

Thomas S. Mirigliano, Esq.
**LAW OFFICE OF
THOMAS S. MIRIGLIANO, ESQ., P.C.**
40 Wall Street, 32nd Floor
New York, New York 10005
(718) 530-6548
TSM@MiriglianoLaw.com
*Attorneys for Defendant Julien Giraud Jr.*     ***Oral Argument is Requested***

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 2

FACTUAL AND PROCEDURAL BACKGROUND................................................ 2

LEGAL ARGUMENT............................................................................................. 3

    I.    Ms. Habba's Re-Appointment Violates the Federal Vacancies Reform Act……3

    II.   Ms. Habba's Re-Appointment Violates 28 U.S.C. § 546(d)…..................................... 4

    III.  Any Prosecutorial Action Taken by Ms. Habba Following Her Re-Appointment are *Ultra Vires* and Violate the Appointments Clause................................................ 4

    IV.  Ms. Habba's Continued Actions Violate Defendant's Due Process Rights…....4

    V.  Current Third Circuit Authority is Distinguishable from this Case................... 5

CONCLUSION........................................................................................................ 6

# TABLE OF AUTHORITIES

## CASES

### UNITED STATES SUPREME COURT

*Kennedy v. Braidwood Mgmt.*, 222 L.Ed.2d 867 (2025)…..……………………………..........4

*United States v. Providence Journal Co.*, 485 U.S. 693 (1988)...……...…………....................4

### UNITED STATES COURT OF APPEALS

*United States v. Castillo,* 772 Fed. Appx. 11 (3d Cir. 2019)…………..…………....................5

*United States v. Hilario,* 218 F.3d 19 (1st Cir. 2000)……...……………………………………3-4

*United States v. Davis,* 726 F.3d 434 (3d Cir. 2013)…………………………………………...3

### UNITED STATES DISTRICT COURTS

*United States v. Martinez,* 565 F.Supp.2d 1270 (D.N.M. 2008)……..…………………………...3

### FEDERAL RULES AND STATUTES

Fed. R. Crim. P. 12(b)(2)……………………………………..…………………..…….……...2

5 U.S.C. § 3345………...……………………………………………….……………….………2-3, 5

5 U.S.C. § 3345(b)(1).....……………………………………………….……………….………2-3, 5

5 U.S.C. § 3346(a)(1)..……………………………………………….……………….……………2

28 U.S.C. § 546………..………….…………………………….………………….….……..passim

28 U.S.C. § 546(d)..……..……………………………………….…………………….….……..passim

### UNITED STATES CONSTITUTION

U.S. Const., Art. II, § 2, cl. 2…………………………………..…………………..……...............4

## PRELIMINARY STATEMENT

Defendant, Julien Giraud Jr., ("Giraud Jr."), by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his motion pursuant to Federal Rule of Criminal Procedure 12(b)(2) to declare that the current purported Acting United States Attorney for the District of New Jersey, Alina Habba ("Ms. Habba"), holds office unlawfully. The irregular procedural maneuvers by which Ms. Habba has been designated and subsequently re-designated as Acting United States Attorney contravene both the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. §§ 3345 *et seq.*, and 28 U.S.C. § 546(d), rendering her prosecutorial authority *ultra vires* and unconstitutional.

Facing an imminent criminal trial proceeding under questionable legal authority, Giraud Jr., hereby seeks dismissal of the indictment or, alternatively, injunctive relief barring Ms. Habba, or any Assistant United States Attorney acting under her purported authority, from exercising further prosecutorial powers in this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2025, Ms. Habba was appointed interim United States Attorney for the District of New Jersey pursuant to the FVRA.[1] The FVRA explicitly limits such interim appointments to a maximum period of 120 days. 5 U.S.C. § 3346(a)(1).

On or about July 1, 2025, President Donald Trump ("President Trump") formally nominated Ms. Habba for the permanent position of United States Attorney for the District of New Jersey and submitted her nomination to the Senate. In late July 2025, as Ms. Habba's statutory term neared its end without Senate confirmation, the District Court exercised its statutory authority

---

[1] Graham Kates & Daniel Klaidman, *New Jersey Federal Judges Sideline Alina Habba as Top Prosecutor, Trump's DOJ Ousts Her Replacement*, CBS News (July 22, 2025) (available at https://www.cbsnews.com/news/alina-habba-new-jersey-judges-block-nomination/)

2

under 28 U.S.C. § 546(d) to appoint Desiree Leigh Grace ("Ms. Grace"), a career federal prosecutor and First Assistant United States Attorney, as the interim United States Attorney. 28 U.S.C. § 546(d).[2]  Despite this lawful judicial appointment, Attorney General Pam Bondi subsequently terminated Ms. Grace's appointment, asserting executive prerogative.[3]

Apparently recognizing that a pending nomination would disqualify Ms. Habba from continuing as Acting U.S. Attorney under the FVRA following her removal by the District Court, President Trump withdrew her nomination in late July 2025.[4]  Following this withdrawal, the Attorney General designated Ms. Habba as First Assistant U.S. Attorney, subsequently elevating her once more to Acting U.S. Attorney.[5] *Id*.

Trial in the instant matter is currently scheduled to commence on August 4, 2025.

## LEGAL ARGUMENT

### I.   MS. HABBA'S RE-APPOINTMENT VIOLATES THE FEDERAL VACANCIES REFORM ACT

Ms. Habba's re-appointment directly violates the FVRA, which explicitly prohibits individuals whose nominations have been submitted to the Senate from serving in an acting capacity for the same office, regardless of subsequent withdrawal of the nomination. 5 U.S.C. § 3345(b)(1); *see United States v. Hilario*, 218 F.3d 19 (1st Cir. 2000); *United States v. Martinez*, 565 F.Supp.2d 1270 (D.N.M. 2008).  Ms. Habba's nomination submission triggered this statutory prohibition.  Thus, Ms. Habba's re-appointment is invalid, and her continued exercise of prosecutorial authority, including supervision of Assistant United States Attorneys and filing of pretrial motions, is *ultra vires* under the FVRA.

---

[2] *Id*.
[3] *Id*.
[4] Kyle Cheney & Ry Rivard, *Trump's gambit to keep Alina Habba in charge in New Jersey: Withdraw her nomination,* Politico (July 24, 2025, corrected July 24, 2025, 6:41 PM (EDT)) (available at https://www.politico.com/news/2025/07/24/trump-alina-habba-new-jersey-nomination-00476033)
[5] *Id*.

## II.   MS. HABBA'S RE-APPOINTMENT VIOLATES 28 U.S.C. § 546(d)

Under 28 U.S.C. § 546(d), once an interim U.S. Attorney's statutory term expires without Senate confirmation, the exclusive authority to appoint an interim U.S. Attorney shifts unequivocally to the District Court. 28 U.S.C. § 546(d); *see also United States v. Hilario,* 218 F.3d at 19.  Here, the District Court lawfully appointed Ms. Grace as U.S. Attorney.  The judicially authorized appointment of Ms. Grace is thus legally controlling, and the Attorney General's dismissal of Ms. Grace and reinstatement of Ms. Habba constitutes unlawful executive interference.  Therefore, Ms. Habba's subsequent actions and authority, and those of any Assistant U.S. Attorneys acting on her behalf, are *ultra vires* and without legal effect.

## III.   ANY PROSECUTORIAL ACTION TAKEN BY MS. HABBA FOLLOWING HER RE-APPOINTMENT ARE *ULTRA VIRES* AND VIOLATE THE APPOINTMENTS CLAUSE

Ms. Habba's re-appointment after nomination violates the separation of powers doctrine and the Appointments Clause of the United States Constitution. U.S. Const., Art. II, § 2, cl. 2; *Kennedy v. Braidwood Mgmt.*, 222 L. Ed. 2d 867 (2025).  By circumventing the constitutionally mandated appointment procedures, and encroaching upon judicial powers explicitly granted by statute, the executive branch has exceeded its lawful authority.  Thus, all subsequent prosecutorial actions taken by Ms. Habba or any Assistant U.S. Attorneys relying on her purported authority lack constitutional legitimacy and must be deemed *ultra vires*.  Allowing the prosecution of Giraud Jr. to proceed under these circumstances would endorse an unconstitutional executive usurpation of judicial authority. *See United States v. Providence Journal Co.,* 485 U.S. 693, 699 (1988).

## IV.   MS. HABBA'S CONTINUED ACTIONS VIOLATE DEFENDANT'S DUE PROCESS RIGHTS

Giraud Jr. has a constitutional right to be prosecuted only by a duly authorized United States Attorney.  The illegitimacy of Ms. Habba's appointment undermines Giraud Jr.'s

4

fundamental due process rights – as well as the due process rights of all similarly situated defendants – necessitating dismissal or immediate injunctive relief.

Furthermore, prosecutorial authority under the Appointments Clause and federal statutes resides specifically in individuals lawfully appointed to their positions. An indictment, motion, or other filing by an unauthorized prosecutor is void *ab initio.* Therefore, Ms. Habba's invalid appointment directly invalidates the prosecutorial actions purportedly taken under her authority, and the United States Attorney's Office cannot independently assert prosecutorial power absent a validly appointed official.

V.  **CURRENT THIRD CIRCUIT AUTHORITY IS DISTINGUISHABLE FROM THE INSTANT CASE**

The Government may rely on *United States v. Castillo*, 772 Fed. Appx. 11 (3d (Cir. 2019), to argue that any alleged defect in the appointment of Ms. Habba does not affect prosecutorial authority. However, *Castillo* is readily distinguishable from this case on certain critical points.

First, *Castillo* involved the appointment of an Acting Attorney General pursuant to the Attorney General Succession Act and did not address an explicit violation of the FVRA's clear statutory prohibition. In this case, by contrast, Ms. Habba's re-appointment clearly violates the FVRA's explicit restriction that an individual whose nomination has been submitted to the Senate cannot serve in an acting capacity for the same office. 5 U.S.C. § 3345(b)(1). This clear statutory authority was not at issue in *Castillo*, making its analysis significantly less relevant.

Second, the *Castillo* court emphasized that the alleged appointment defect in that case had no direct impact on the local prosecutor's independent statutory authority. Here, however, the Attorney General's termination of Ms. Grace, a duly appointed interim U.S. Attorney, and reinstatement of Ms. Habba directly compromised judicial authority under 28 U.S.C. § 546(d). This represents a serious constitutional violation, interfering with the judiciary's explicit

appointment prerogative and substantially affecting the legitimacy of prosecutorial actions taken subsequently.

Third, the defendant in *Castillo* could demonstrate no prejudice or injury from the alleged appointment defect and was challenged on appeal. Here, in stark contrast, Giraud Jr. faces significant and concrete prejudice: the prosecution and imminent trial are occurring directly under the purported authority of Ms. Habba, whose appointment violates clearly defined statutory and constitutional limits. Unlike *Castillo*, this case involves prosecutorial authority exercised explicitly through an unlawful appointment, thereby implicating substantial due process and constitutional concerns.

In short, *Castillo* addressed a fundamentally different factual scenario with a significantly narrower legal issue. The clear statutory authority of the FVRA and 28 U.S.C. § 546(d) and the direct encroachment on judicial authority present in this case were neither presented nor considered in *Castillo*. Thus, *Castillo* does not control, and the distinctions warrant a different result.

## CONCLUSION

For the foregoing reasons, Defendant Julien Giraud Jr. respectfully requests that the Court dismiss the indictment or, alternatively, issue injunctive relief enjoining Ms. Habba, or any Assistant United States Attorney acting under her authority, from further prosecutorial action.

Respectfully submitted,

**LAW OFFICE OF**
**THOMAS S. MIRIGLIANO, ESQ., P.C.**

Dated: New York, New York  By: _____
July 27, 2025              Thomas S. Mirigliano, Esq.