IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-CR-00768 |
| v. | (Chief Judge Brann)[*] |
| JULIEN GIRAUD JR., and JULIEN GIRAUD III, | |
| Defendants. | |

# ORDER

### JULY 29, 2025

Pursuant to the status conference held on this day, the Court concludes that consideration of the pending motion to dismiss the indictment[1] should be bifurcated between: (1) the "threshold" issue concerning whether the Girauds are entitled to any remedy even if Acting U.S. Attorney Alina Habba was illegally appointed; and (2) the "merits" issue of whether Ms. Habba's appointment contravenes statutory or constitutional limitations. In the interest of resolving this matter expeditiously and avoiding the potential issuance of an advisory opinion,[2] the Court will receive supplemental briefing on the threshold issue and decide it first and proceed only to the "merits" issue if doing so is necessary.

---

[*] The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[1] Doc. 99 (Mot. to Dismiss).

[2] *See In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) ("Federal Courts . . . 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013))).

The Court finds this approach beneficial given that the Government has identified persuasive authority suggesting that any defect stemming from an invalid appointment of Ms. Habba would not render invalid the Girauds' indictment, which was signed by former-President Joseph R. Biden Jr.'s Senate-confirmed United States Attorney for the District of New Jersey, Philip R. Sellinger.[3] Moreover, there is precedent to suggest that validly appointed Assistant United States Attorneys may continue with a prosecution notwithstanding questions about the legality of their superiors' appointments.[4] And it is not clear what authority the Girauds invoke to assert a right to enjoin Ms. Habba or "any Assistant United States Attorney acting under her authority" from prosecuting them.[5]

Nevertheless, the Court recognizes that there may be circumstances in which a court may exercise its inherent authority to dismiss an indictment "if the Government engaged in misconduct, the defendant was prejudiced, and no less severe remedy [is] available to address the prejudice."[6] Furthermore, it may be the case that determining what relief is available to the Girauds is inextricably bound up

---

[3] Doc. 54 (Indictment); *United States v. Baldwin*, 541 F. Supp. 2d 1184, 1214 (D.N.M. 2008); *see* Doc. 107 (Letter from Fed. Public Defender) ("This case presents the issue of whether Mr. Giraud's prosecution and impending federal trial can continue given Ms. Habba's recent re-installation as the acting United States Attorney, but where Mr. Giraud was indicted by a previous United States Attorney, Philip Sellinger.").

[4] *United States v. Ruiz Rijo*, 87 F. Supp. 2d 69 (D.P.R. 2000); *United States v. Hilario*, 218 F.3d 19, 22 (1st Cir. 2000); *United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999); *cf. United States v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001).

[5] *See* Doc. 99 at 6.

[6] *United States v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-56 (1988)).

with the extent of the statutory or constitutional violation, if any, thereby rendering consideration of the merits question necessary in any event.

Considering the above, **IT IS HEREBY ORDERED** that:

1. The parties shall each submit a supplemental brief of 10 pages developing their arguments, either related to the above points or novel, on the threshold issue of whether any relief is available to the Girauds even assuming that Ms. Habba's appointment is illegal;

    a. The Girauds' supplemental brief shall be due no later than 3:00 p.m., Wednesday, July 30, 2025;

    b. The Government's supplemental brief shall be due no later than 8:00 p.m., Wednesday, July 30, 2025;

2. The Court will then take the issue under advisement and render an opinion determining the threshold issue, whether it resolves the case or triggers consideration of the merits issue;

3. Should consideration of the merits issue prove necessary, the Court will set an additional briefing schedule for further development of the relevant arguments following another status conference.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for
the Middle District of Pennsylvania
Specially Presiding