**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JULIEN GIRAUD JR. AND JULIEN GIRAUD III,**<br><br>*Defendants*. | No. 24-CR-768 (MWB) |

**MOTION TO PARTICIPATE IN ORAL ARGUMENT BY *AMICUS CURIAE* ASSOCIATION OF CRIMINAL DEFENSE LAWYERS OF NEW JERSEY**

This case poses a fundamental challenge to the ongoing viability of federal criminal prosecutions in the District of New Jersey. It raises whether Alina Habba, who is currently purporting to serve in the position of the United States Attorney, an office whose formidable powers within the District include prosecuting all federal crimes, 28 U.S.C. § 547, has been validly appointed under the Constitution and federal statute. Recognizing the stakes of this case and its impact on prosecutions across the District, this Court has moved expeditiously to receive briefing and hear argument. In so doing, the Court has granted a request to file an *amicus* brief from the Association of Criminal Defense Lawyers of New Jersey (ACDL-NJ)—a leader of the New Jersey criminal defense bar comprising more than 500 attorneys representing hundreds of defendants in the District of New Jersey. *See* ECF No. 117 at 2; ECF No. 112 at 2. Following the Court's order, the ACDL-NJ retained counsel

experienced in constitutional and statutory challenges to the appointment of federal prosecutors, and it now moves to participate in oral argument to be held on August 15, 2025. The ACDL-NJ's expertise and oral advocacy will assist the Court's decisional process in this important case. Defense counsel consents to this motion and the government takes no position on it. The Court should grant the motion.

## I.  BACKGROUND

Following their indictment in November 2024, ECF No. 54, Julian Giraud Jr. and Julien Giraud III moved in July 2025 to dismiss the indictment or, in the alternative, to bar Ms. Habba or any Assistant United States Attorney (AUSA) acting at her direction from prosecuting their case, ECF No. 99. The Girauds and the government filed several briefs discussing the relevant facts as well as the constitutional and statutory provisions pertinent to the validity of Ms. Habba's appointment and the consequences that followed if that appointment is invalid. *See, e.g.*, ECF 99, 108, 113, 114.

As the parties exchanged briefs, the ACDL-NJ submitted a letter to the Court that made two requests. ECF No. 112. First, the ACDL-NJ sought leave to participate as *amicus curiae*, explaining that it readily satisfied the standard for *amicus* participation—that the movant has an "adequate interest," and that the proposed participation is "desirable" and "relevant to the disposition of the case," *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (Alito, J., in chambers)—

given its role as "the primary organized voice of the New Jersey criminal defense bar, with more than 500 members practicing daily in New Jersey's criminal courts." ECF No. 112 at 2; *see id.* at 2 n.1 (citing several significant criminal cases in which courts had granted leave for ACDL-NJ to participate as an *amicus*). Moreover, the Girauds' arguments calling into question the validity of Ms. Habba's appointment had "District-wide consequences for criminal defendants" beyond the Girauds' case, and "neither that wider interest nor those defendants themselves [would be] otherwise represented," *id.* at 2, without the ACDL-NJ's participation.

Second, the ACDL-NJ urged the Court "not to decide the broader remedial question affecting all defendants without full briefing." *Id.* at 4. In other words, whatever the Court decided with respect to whether dismissing the indictment was merited, a remedy specific to the Girauds, it should refrain from ruling on the Girauds' alternative request to enjoin Ms. Habba or AUSAs acting at her direction from further prosecuting the Girauds' case because that alternative relief potentially affected all federal criminal defendants with ongoing cases in the District of New Jersey. The ACDL-NJ thus asked the Court to suspend further proceedings and provide additional time for full analysis and briefing "by stakeholders such as the ACDL-NJ and individuals with expertise in the nuanced issues of first impression presented." *Id.*

3

The Court granted, in large part, both of the ACDL-NJ's requests. Although it denied the Girauds' motion to dismiss the indictment, it deferred ruling on their alternative request to enjoin Ms. Habba or any AUSA acting under her authority from prosecuting them, concluding that the ACDL-NJ had "satisfie[d] the applicable standard" to submit an *amicus* brief and directing the submission of supplemental briefs addressing "whether Ms. Habba's appointment contravenes statutory or constitutional limitations." *Id.* at 1-2.

## II. DISCUSSION

Whether to permit *amicus* participation in oral argument lies within the Court's "sound discretion," and is appropriate where such participation "would be useful in deciding the issues currently before the Court." *Woodruff v. Oliver*, No. 23-cv-11886, 2025 WL 818160, at *1 (E.D. Mich. Mar. 13, 2025); *cf.* Fed. R. App. 29(a)(8) (an *amicus curiae* may participate in oral argument with the court's permission).[1] Just as the Court concluded that the ACDL-NJ is an appropriate *amicus curiae* to file a brief addressing the validity of Ms. Habba's appointment, so too it should also permit the ACDL-NJ to participate in oral argument on August 15,

---

[1] Before 1998, Rule 29 of the Federal Rules of Appellate Procedure permitted *amicus* participation in oral argument only "for extraordinary reasons," but the 1998 amendments deleted that more demanding standard. *See* 16AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3975.1 (5th ed. 2024). That deletion suggests that the Rule envisions that it is "preferable to err on the side of granting leave." *See Neonatology Assoc.*, 293 F.3d at 133.

4

2025. In finding that the ACDL-NJ satisfied the *amicus*-participation standard, ECF No. 117 at 2, the Court necessarily concluded that ACDL-NJ (1) has a "special interest" in the issues presented in the Girauds' case, (2) is not "represented competently or at all in the case," and (3) would provide information that "is timely and useful." *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 (D.N.J. 2023). Those factors equally support the ACDJ-NJ's participation in oral argument.

As the ACDL-NJ explained in its *amicus*-participation request, its role as the principal voice for criminal defense attorneys in New Jersey, its extensive membership, and its members' representation of scores of federal criminal defendants directly affected by the issues presented in this case gives the ACDL-NJ a special interest in the outcome of the central issue—whether Ms. Habba is validly serving as the Acting United States Attorney for the District of New Jersey—that is not fully represented in the case without the ACDL-NJ's participation. Both in its brief and at oral argument, the ACDL-NJ would "not duplicate the parties' arguments" but instead "address the broader issues and the significant impact this Court's decision will have," ECF No. 112 at 2, in a way that is both timely and useful. That alone merits hearing from the ACDL-NJ at oral argument.

The ACDL-NJ's participation at oral argument would also aid the Court's decisional process because the ACDL-NJ is uniquely positioned to address the

complex constitutional and statutory issues that this case presents. The attorneys representing the ACDL-NJ in this matter have litigated challenges to the validity of federal prosecutors implicating the Appointments Clause and other federal statutes. For example, one attorney representing the ACDL-NJ filed briefs and presented argument on behalf of the Special Counsel in *United States v. Trump*, 740 F. Supp. 3d 1245 (S.D. Fla. 2024), which involved the defendants' challenge to the Special Counsel's appointment.[2]

## III. CONCLUSION

For the foregoing reasons, the Court should grant the ACDL-NJ's motion to participate in oral argument at the August 15 hearing.

---

[2] *United States v. Trump* provides additional support for granting the motion here. As in this case of District-wide significance, the district court there authorized the filing of *amicus* briefs. 740 F. Supp. 3d at 1254. The district court then "heard lengthy oral argument . . . from the parties and the [three] authorized *amici*." *Id.* Adopting a similar approach here would ensure that the Court is in the best position to rule on a matter "of first impression in this Circuit" that "must be resolved before this prosecution"—or indeed any ongoing prosecution in the District of New Jersey—proceeds further. *See id.* at 1252; *see also Glen v. Trip Advisor LLC*, 529 F. Supp. 3d 316, 321 n.2 (D. Del. 2021) (permitting *amicus* participation in briefing and at oral argument); *United States v. Essa Bank & Tr.*, No. 23-cv-2065, 2025 WL 2087776, at *3 n.2 (E.D. Pa. July 23, 2025) (*amicus* participation at oral argument); *cf. Kendall v. EQT AMD LLC*, No. 21-cv-01491, 2023 WL 4372692, at *5 (M.D. Pa. July 6, 2023) (Brann, C.J.) (observing that the Third Circuit permitted *amicus* participation in briefing and at oral argument).

Dated: August 7, 2025

                                 Respectfully submitted,

By:   */s/ Joshua C. Gillette*
JOSHUA C. GILLETTE
NJ Attorney ID: 007862003
KAGEN, CASPERSEN & BOGART PLLC
551 Madison Avenue, 12th Floor
New York, NY 10022
Tel: (212) 880-2045
Fax: (646) 304-7879
jgillette@kcbfirm.com

JAMES I. PEARCE*†
MARY L. DOHRMANN*††
NATHANIEL A.G. ZELINSKY*
WASHINGTON LITIGATION GROUP
5335 Wisconsin Ave NW, Suite 440
Washington, D.C. 20015
202-204-0212
jpearce@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org
* Pro Hac Vice applications pending
† Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members
†† Admitted only in New York; practicing under the supervision of D.C. Bar Members

*Attorneys for Amicus Curiae*
*Association of Criminal Defense Lawyers of New Jersey (ACDL-NJ)*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, I caused a copy of this motion to be served by the notice of electronic filing generated by this Court's electronic case filing system upon all counsel of record in this case.

/s/ *Joshua C. Gillette*
JOSHUA C. GILLETTE
KAGEN, CASPERSEN & BOGART PLLC
551 Madison Avenue, 12th Floor
New York, NY 10022
Tel: (212) 880-2045
Fax: (646) 304-7879
jgillette@kcbfirm.com